IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SYDNEY EPLEY AND<br>CARLA HILD,<br>*Plaintiffs*<br><br>V.<br><br>NEW STOUT EXCAVATING GROUP,<br>LLC and CATERPILLAR, INC.,<br>*Defendant.* | § § § § § § § § § § § | CIVIL ACTION NO. 5:23-CV-00412-XR<br><br><br>**PLAINTIFF'S SECOND AMENDED<br>COMPLAINT** |

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Sydney Epley and Carla Hild, hereinafter referred to as Plaintiffs, and complaining of New Stout Excavating Group, LLC, and Caterpillar, Inc., hereinafter referred to as Defendants, and for cause of action would respectfully show the court as follows:

## I.
## JURISDICTION AND VENUE

1. This Court has jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between citizens of different states or countries.

2. Venue is proper in the United States District Court for the Western District of Texas, San Antonio Division because all or a substantial part of the events or omissions giving rise to the claim occurred in this district.

## II.
## PARTIES

3. **Plaintiff**. Sydney Epley (Plaintiff) is a natural person who at all times relevant to this cause of action has been and continues to be a resident of Bexar County, Texas. Plaintiff is the surviving spouse of decedent, Thomas Hild.

1

4. **Plaintiff**. Carla Hild (Plaintiff) is a natural person who at all times relevant to this cause of action has been and continues to be a resident of Bexar County, Texas. Plaintiff is the surviving parent of decedent, Thomas Hild.

5. **Defendant**. New Stout Excavating Group, LLC, previously incorrectly named New Stout Excavating Group Texas, LLC, ("New Stout") is a limited liability company formed under the laws of the State of Texas. Defendant New Stout has already filed an answer and appeared herein.

6. **Defendant**. Caterpillar, Inc. ("CAT") is a Delaware corporation doing business in the state of Texas. Defendant CAT may be served with citation by serving its registered agent, Corporation Service Company dba CSC – Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701.

## III.
## RELEVANT FACTS

7. On December 16, 2022, Thomas Hild was killed while working on New Stout's John Deere excavator at Signal Peak Silica.

8. At the time of his death, Thomas Hild was New Stout's employee. New Stout assigned Thomas Hild to work on the excavator and counterweight knowing full well that Thomas Hild and his co-employees had been overworked and were fatigued. Moreover, New Stout knew that Thomas Hild and his co-employees were about to perform the very dangerous operation of removal of the counterweight, which weighs thousands of pounds, from the excavator. Thomas Hild was not properly warned about these dangerous conditions, as the excavator was labeled with inadequate signage or placards.

9. As the counterweight was being removed from the excavator it struck and killed Thomas Hild.

10. Plaintiff Epley was Thomas Hild's wife at the time of his death.

## IV.
## GROSS NEGLIGENCE AGAINST NEW STOUT

11. New Stout, its vice-principals, agents, servants, and/or employees committed various acts and/or omissions constituting negligence and gross negligence such that New Stout is directly or vicariously liable for the acts and/or omissions of its vice-principals, agents, servants, and/or employees by failing to provide Thomas Hild with a safe place to work, by failing to provide him with proper equipment, and by forcing him to perform the very dangerous task of removing the counterweight when New Stout had full knowledge that Thomas Hild was extremely fatigued. New Stout's wrongful conduct constitutes gross negligence, was a proximate cause of the incident and Thomas Hild's death, and the damages suffered by Plaintiff.

12. New Stout's wrongful conduct involved more than momentary thoughtlessness, inadvertence, or error of judgment. Rather, New Stout's conduct constituted a heedless, reckless, and wanton disregard for the rights, welfare, or safety of the decedent and, when viewed objectively from New Stout's standpoint at the time of the acts or omissions, the conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. New Stout had actual, subjective awareness of the risk involved but, nevertheless, proceeded with conscious indifference to the rights, safety, or welfare of others, specifically Thomas Hild. As such, New Stout's conduct constituted gross negligence.

## NEGLIGENCE AGAINST CAT

13. Defendant CAT manufactured and/or sold the subject excavator and counterweight.

14. Defendant CAT was in the business of manufacturing and/or selling excavators.

15. The use of the subject excavator presented an unreasonable danger of being

crushed to death by the counterweight while removing it.

16. The unreasonable danger of death resulted from the foreseeable use of the product, as the counterweight had to be removed in order to transport the excavator.

17. The danger was present when the subject excavator left the control of Defendant CAT.

18. As such, the use of the product involved a danger of which Defendant CAT was required to provide a warning.

19. Defendant CAT failed to provide an adequate warning of this danger.

20. Thomas Hild was injured as a proximate result of the inadequate warning of the danger.

## V.
## CAUSATION

21. Plaintiffs incorporate herein all of the foregoing allegations.

22. Defendants' conduct (described above under the theories of strict products liability, negligence, and any other liability theory included in Plaintiffs allegations) was a producing and/or proximate cause, as those terms are applied in the law in the State of Texas, of the injuries to Plaintiffs and the damages sustained by Plaintiffs.

## VI.
## DAMAGES

23. As a direct and proximate result of New Stout gross negligence, Plaintiff Epley suffered the loss of her husband[1] and is entitled to recover exemplary damages from New Stout

---

[1] While Plaintiff understands that under applicable law she may not be entitled to recover compensatory damages, those damages, including damages in the form of extreme mental and emotional anguish, pain and suffering, loss of society, companionship and consortium, damage to the familial relationship, loss of care, maintenance, support, advice, services, counsel, comfort, and contributions of pecuniary value, loss of past, present, and future earnings, and loss of the household services, are relevant and Plaintiff intends to provide proof of some or all of those damages at the trial of this case.

and Holt.

24. Plaintiff Epley would show that any limit on exemplary damages is inapplicable in this case as such a limit is unconstitutional under the United States and/or Texas Constitutions. Plaintiff would show that any limit on exemplary damages creates an irreconcilable conflict between statutory provisions regarding two or more of the following: Occupational Safety and Health Act; Texas Wrongful Death Act; Texas Workers Compensation Act; Texas Civil Practice & Remedies Code § 41.001 et seq.; Texas Civil Practice & Remedies Code § 33.001 et seq.; Texas Business Organizations Act and the use of the corporate form; and Texas Rules of Civil Procedure 278, 279, and 301. Plaintiffs would show that any limitation on exemplary damages is violative of public policy and the police power of the State of Texas and is an ultra vires act of the Texas legislature.

25. Limits on exemplary damages in this case constitute a violation of due process; a taking without just compensation; a deprivation of life and/or property, privileges, or immunities without due course of law; a denial of the right to a jury trial; a denial of equal protection based upon gender, race, individual and corporate form and/or business and wage earner status; a denial of equal rights with respect to public emoluments or privileges; a violation of the open courts provision and the right to a remedy by due course of law; and a disregard of Texas Constitution Art. 1 §29.

26. Any limitation on exemplary damages with respect to a gross negligence death action is arbitrary and unreasonable in imposing a measure of damages that is not relevant to the death or the conduct resulting in death. The exemplary damages cap as set out in Tex. Civ. Prac. & Rem. Code §41.008 allows a tortfeasor who is the victim's employer to limit its damages for heinous acts by limiting wages and benefits to the victim, which are the key components

comprising economic damages that, in turn, limit exemplary damages. The limitation of exemplary damages is counter-productive and violates public policy by arbitrarily and unreasonably limiting the liability of wrongdoers in the most damage-causing cases. The statute is not supported by proper or accurate legislative findings and is not in the best interests of the citizens of the State of Texas. The limitation on punitive damages is not reasonably related to its stated purpose and is not a proper exercise of the governmental function.

27. By not allowing a greater sliding scale of damages against the most egregious wrongdoers, the statute invites the most dangerous defendants to do business in this state and place Texas workers and consumers at great risk. It rewards the employers of the lowest wage-earning class for placing employees at great risk with minimal compensation before and after death. Limitations on exemplary damages in workers compensation death cases provide employers with the benefit of reduced liability without requiring any compensation, consideration, or additional regulation in return. It is nothing but a windfall to the State's most dangerous employers.

28. The limitation on exemplary damages in death cases trivializes life and fails to accord it proper deference. The limit makes it easier for employers to put employees at risk rather than take all necessary and reasonable precautions to promote life. It conflicts with the federal government's current assessment of the value of life, for regulatory purposes, at a figure in excess of five million dollars, which is preemptive with respect to violations of the Occupational Safety and Health Act.

29. By using fixed numbers and prohibiting pre-judgment interest, the statutory limitation on exemplary damages over time cannot respond to economic factors such as inflation and is thus arbitrary and unreasonable in providing that recoveries necessarily diminish over time

or under a time-value of money analysis, giving new meaning to "justice delayed is justice denied."

30.  The statutory scheme of limiting punitive damages is internally inconsistent and conflicting insofar as damages awarded must be specific to a defendant, yet the limitations are based upon economic and non-economic damages that are not specific to a defendant. Additionally, it is internally inconsistent to place the determination of whether, and what amount of, exemplary damages should be awarded in the discretion of the jury, instructing the jury to consider the evidence outlined in Tex. Civ. Prac. & Rem. Code § 41.011(a) yet removing that decision from the jury under § 41.008 and 41.010(b) and nullifying the full effect of the evidence.

31.  By applying a cap that is measured by economic damages, the limitation makes gender and/or race inequality in the workplace a governmentally sanctioned practice from which the discriminating employer benefits. In the event that the statute is construed to limit wrongful death damages to a single limit, regardless of the number of wrongful death beneficiaries, the statute is arbitrary and unreasonable and conflicts with the wrongful death act, giving a cause of action to each spouse, parent, and child and conflicts with the Texas Constitution and Workers Compensation Act, giving a right of recovery to each spouse and child.

32.  Any limitation on exemplary damages defeats the punitive purpose of said damages, thus eliminating the legislative basis for enacting limitations and severing the statute from its legislative purpose. By not permitting the jury to know the limitations on exemplary damages, any charge on economic damages, non-economic damages, and/or exemplary damages is incomplete, inconsistent, and/or misleading. To require a jury to exercise its discretion to liquidate damages that are subject to dispute without providing the jury with information

revealing the cap on punitive damages effectively nullifies the jury's proper role and manipulates the role of the jury and the questions included in the charge to the benefit of the defendant. It provides the jury with the illusion of determining punitive damages in a punitive damages question when the amount will be capped by answers to an entirely different set of questions. No jury charge that fails to set forth the limitations on punitive damages for the jury's understanding can be considered to be in substantially correct wording. It is legally and factually improper to charge the jury with part of the damages cap statute while withholding other parts of the statute that are relevant and material to the jury's decision.

33. Plaintiff Epley intends to defeat any limitation on exemplary damages through the proper application of the law and/or facts. Alternatively, Plaintiff Epley seeks to defeat the limitations on exemplary damages through a good faith argument for the extension, modification, or reversal of existing law.

34. Plaintiffs, as wrongful death beneficiaries of Thomas Hild, seek recovery under the Texas Wrongful Death Statute of the following damages:

   a. Loss of companionship and society sustained in the past and that in reasonable probability will be sustained in the future by Sydney Epley;

   b. Mental anguish sustained in the past and that in reasonable probability will be sustained in the future by Sydney Epley;

   c. Pecuniary loss sustained in the past and that in reasonable probability will be sustained in the future by Sydney Epley;

   d. Loss of companionship and society sustained in the past and that in reasonable probability will be sustained in the future by Carla Hild;

  e. Mental anguish sustained in the past and that in reasonable probability will be sustained in the future by Carla Hild; and,

  f. Pecuniary loss sustained in the past and that in reasonable probability will be sustained in the future by Carla Hild.

35. Plaintiffs are entitled to recover prejudgment and post-judgment interest as allowed by law.

## VII.
## CONDITIONS PRECEDENT

36. All conditions precedent have been performed or have occurred to support the Plaintiffs' pleadings and causes of action.

## VIII.
## REQUEST FOR JURY TRIAL

37. Plaintiffs request a jury in this cause and have tendered payment.

38. **WHEREFORE,** Plaintiffs request, move and pray to this Honorable Court that Defendants be cited to appear and that this Court enter judgment against Defendants for damages to which Plaintiffs may show themselves justly entitled under Texas law, together with pre-judgment interest at the highest legal rate, post-judgment interest at the highest legal rate from the date of judgment until paid, exemplary damages, costs of court, and such other and further relief both general and special, at law or in equity, to which Plaintiffs may show themselves justly entitled.

    Respectfully Submitted,

    **WYATT LAW FIRM, PLLC**
    Oakwell Farms Business Center
    21 Lynn Batts Lane, Suite 10
    San Antonio, Texas 78218
    Tel.: (210) 340-5550
    Fax: (210) 340-5581
    E-service: e-serve@wyattlawfirm.com

By: */s/ Paula A. Wyatt*
Paula A. Wyatt
State Bar No. 10541400
Gavin McInnis
State Bar No. 13679800
Louis Durbin
State Bar No. 24078448
**ATTORNEYS FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

   I certify that on November 29, 2023, a true and correct copy of the foregoing document was electronically filed on the CM/ECF system, which will automatically serve a Notice of Electronic Filing, on the following attorney in charge for Defendants:

David Brenner
dbrenner@bajb.com
BURNS ANDERSON JURY & BRENNER, LLP
P.O. Box 26300
Austin, Texas 78775
**ATTORNEY FOR DEFENDANT NEW STOUT**

                */s/ Paula A. Wyatt*
                Paula A. Wyatt