IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SYDNEY EPLEY, CARLA HILD<br>*Plaintiffs*<br><br>-vs-<br><br>NEW STOUT EXCAVATING GROUP,<br>LLC, CATERPILLAR, INC.,<br>*Defendants* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | SA-23-CV-00412-XR |

## ORDER

On this date, the Court considered Defendant New Stout Excavating Group, LLC's motion to strike Plaintiff's Second Amended Complaint (ECF No. 20) and Plaintiff's response in opposition and cross-motion for remand (ECF No. 22).

## BACKGROUND

This action arises out of Thomas Hild's death on December 16, 2022, when he was struck by a counterweight while working on an excavator on behalf of New Stout Excavating Group, LLC ("New Stout").

Plaintiff Sydney Epley, Mr. Hild's wife at the time of his death, initially filed suit in state court on December 20, 2022, alleging gross negligence based on the theory that New Stout assigned Mr. Hild to work on the excavator and counterweight knowing that he and his co-workers had been overworked and were fatigued. At that time, the excavator was subject to a Mine Safety and Health Administration (MSHA) 103(k) Order, and the parties were limited to only photographic inspection of the excavator from beyond a dirt barrier, making any meaningful inspection of the machinery impossible. Following service, Defendant removed the case to this court on the basis of federal diversity jurisdiction on March 4, 2024. ECF No. 1.

On October 30, 2023, Plaintiff learned that the MSHA investigation was nearing completion and that the excavator would be released by MSHA. The parties scheduled an inspection of the excavator for November 14, 2023. During that inspection, Plaintiff's counsel conducted a detailed investigation of parts of the excavator not yet available to the parties and discovered an alleged deficiency in the signage or placards on the machinery.

Two weeks later, Plaintiff Epley filed an unopposed motion for leave to file a Second Amended Complaint ("SAC"), adding Carla Hild, Mr. Hild's surviving parent, as a plaintiff and Caterpillar, Inc. ("Caterpillar") as a defendant. Ms. Hild asserts that Caterpillar negligently failed to warn Mr. Hild of an unreasonable danger of being crushed to death by the counterweight while removing it from the excavator. *See* ECF No. 15. The SAC alleges that Caterpillar is a Delaware corporation doing business in Texas and asserts federal diversity jurisdiction. The Court granted Plaintiffs' motion the next day. *See* Text Order (Nov. 30, 2023).

On January 11, 2024, Caterpillar filed its disclosure statement with the Court, stating that its principal place of business was in Irving, Texas. ECF No. 19. Thus, Caterpillar is a citizen of Texas. *See* 28 U.S.C. § 1332(c)(1) (a corporation is a citizen of its state(s) of incorporation and of the state in which its principal place of business is located). Because it is undisputed that both Plaintiffs are citizens of Texas, Caterpillar's joinder destroyed this Court's diversity jurisdiction.

On February 15, 2024, New Stout moved to strike the SAC. Although it acknowledges that the SAC was not filed for the purposes of defeating federal jurisdiction, New Stout asserts that it consented to the joinder based on Plaintiffs' representation that the Court would retain jurisdiction. ECF No. 20 ¶¶ 3, 7. Plaintiffs oppose the motion to strike their SAC and move to remand this case to state court for lack of subject matter jurisdiction.

**DISCUSSION**

**I.      Legal Standard**

A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject-matter jurisdiction. *See* 28 U.S.C. § 1441(a). Removal is proper in any case in which the federal court would have had original jurisdiction. *Id.* A federal court has jurisdiction over controversies involving disputes between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C § 1332. When determining diversity jurisdiction, courts consider the citizenship of the parties and the amount in controversy as they existed at the time of removal. *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264-65 (5th Cir. 1995). However, a post-removal joinder that adds a non-diverse party will destroy diversity and eliminate the subject-matter jurisdiction of the court. *See Hensgens v. Deere & Co.*, 833 F.2d 1179, 1181 (5th Cir. 1987).

Although Rule 15(a) of the Federal Rules of Civil Procedure states that leave to amend "should [be] freely give[n] . . .when justice so requires" and Rule 20 permits joinder of parties, the Court must scrutinize the proposed amendment more closely than an amendment that does not destroy diversity. *See Hensgens*, 833 F.2d at 1182. The Court does this by balancing the interests of the defendant to maintain the federal forum with the plaintiff's competing interest of not having parallel lawsuits. *See id.* "[T]he balancing of these competing interests is not served by a rigid distinction of whether the proposed added party is an indispensable or permissive party." *Id.* The Court looks at four factors to balance the competing interests: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction, (2) whether plaintiff has been dilatory in asking for the amendment, (3) whether plaintiff will be significantly injured if amendment is not allowed, and (4) any other factors bearing on the equities. *Id.*

3

After examining these factors, the Court is to balance the equities of the case and use discretion to decide whether to permit the amendment destroying diversity. *Id.* ("[T]he district court, when confronted with an amendment to add a nondiverse nonindispensable party, should use its discretion in deciding whether to allow that party to be added.").

## II.   Analysis

Plaintiffs assert that the Court's order granting their motion for leave to file the SAC and join Caterpillar is outcome-determinative and compels remand. ECF No. 22. New Stout argues that "had the Motion for Leave to file the Amended Complaint disclosed the impact on jurisdiction, the Court would have had authority to deny the amendment," and now requests that the Court strike the SAC. ECF No. 20 ¶ 5.

The Court agrees with Plaintiffs that, because joinder has already been accomplished, the Court lacks diversity jurisdiction and must remand the case to state court. Moreover, even if the Court had considered the *Hensgens* factors before ruling on Plaintiffs' motion for leave to amend, they would have weighed in favor of granting leave to file the SAC.

To begin, Defendants acknowledge that the purpose of the proposed amendment was not to defeat diversity jurisdiction. *See* ECF No. 20 ¶ 7. Thus, the first and "most important" factor weighs in favor of permitting the amendment. *Adey/Vandling, Ltd. v. Am. First Ins. Co.*, No. A-11-CV1007-LY, 2012 WL 534838, at *4 (W.D. Tex. Feb. 17, 2012).

The second factor—whether Plaintiffs were dilatory in seeking the amendment—likewise weighs in Plaintiffs' favor. In considering this factor, "courts consider the amount of time that has passed between the plaintiff's motion to amend and the filing of the original petition and notice of removal." *Anzures v. Prologis Texas I LLC*, 886 F. Supp. 2d 555, 565 (W.D. Tex. 2012) (denying leave to amend where the plaintiff "did not seek to add [the non-diverse party] until eight months

4

after he filed the case in state court, seven months after [the defendants] removed the case . . . and nearly two months after the court's deadline to amend the pleadings and join parties had expired"). Although Plaintiffs' motion for leave to amend was filed nearly a year after the filing of the original petition and eight months after removal, it was filed before the deadline for filing amended pleadings set out in the operative scheduling order. *See* ECF No. 13 at 1; *Team Express Distrib. LLC v. Junction Sols., Inc.*, No. 5:15-CV-994-DAE, 2016 WL 3081020, at *2 (W.D. Tex. May 31, 2016) ("Where a party files a motion to amend by the court-ordered deadline, there is a 'presumption of timeliness.'") (quotations omitted). Moreover, Plaintiffs sought leave to join Ms. Hild and Caterpillar only two weeks after Plaintiffs' counsel inspected the excavator and discovered the alleged deficiency in the excavator's warning signs/placards.

The third *Hensgens* factor is "whether plaintiff will be significantly injured if amendment is not allowed." 833 F.2d at 1182. In analyzing this factor, courts look to "whether a plaintiff can be afforded complete relief in the absence of the amendment." *Anzures*, 886 F. Supp. 2d at 565 (quoting *Lowe v. Singh*, No. CIV.A. H-10-1811, 2010 WL 3359525, at *3 (S.D. Tex. Aug. 23, 2010)). Courts also look to "whether the plaintiff will be forced to litigate their action against the non-diverse defendants in a different court system, on a different timetable, subject to different procedural rules and conflicting results, and under the weight of additional financial burden." *Adley/Vandling*, 2012 WL 534838, at *4 (citing *Lowe*, 2010 WL 3359525, at *2).

Because Caterpillar is a non-diverse party, if Plaintiffs were denied leave to amend, they would be forced to proceed with their claims against Caterpillar in a Texas state court. In other words, Plaintiffs would be required to litigate separate claims in separate forums—on different timetables, under different procedural rules, and with potentially conflicting results—arising out of the same incident. New Stout acknowledges that Plaintiffs' claims arise out of the same

transaction or occurrence but argues that, because the theories of liability and claims for relief against New Stout and Caterpillar differ, Plaintiffs will not be harmed if the amendment is stricken and they are forced to litigate their claims against Caterpillar in state court. The Court disagrees. The additional burdens and legal expenses of litigating Plaintiffs' claims in two separate forums would prejudice Plaintiffs and waste judicial resources. *See Brown v. M & N Eaves*, No. 4:21-CV-959-KPJ, 2023 WL 2401571, at *7 (E.D. Tex. Mar. 7, 2023) ("[D]enying Plaintiff leave to add Bejar would raise the specter that inconsistent relief would be present in parallel proceedings in state and federal court as to the same facts and claims with a disadvantage of an 'empty-chair' defense in both."); *cf. Am. Legend Homes v. Navigators Specialty Ins. Co.*, No. 4:19-CV-00035, 2019 WL 5721634, at *5 (E.D. Tex. Nov. 5, 2019) (observing that the possibility of parallel state court proceedings is "likely to be present whenever a plaintiff seeks to add a nondiverse defendant"). The Court concludes that the third *Hensgens* factor weighs in favor of permitting the amendment.

Other than its interest in remaining in federal court, New Stout fails to identify any equities that weigh against joinder and remand. Accordingly, the Court considers the fourth *Hensgens* factor to be neutral because no other relevant equitable factors have been raised. *See Gallegos*, 2009 WL 4730570, at *5 ("Because neither party points to additional equitable factors beyond these considerations, the fourth *Hensgens* factor [is] neutral.").

Having considered the relevant factors, the Court finds that together they weigh in favor of granting Plaintiffs leave to join Caterpillar as a non-diverse defendant.

## CONCLUSION

For the foregoing reasons, Defendant New Stout Excavating Group, LLC's motion to strike Plaintiff's Second Amended Complaint (ECF No. 20) is **DENIED**.

Because the joinder of Defendant Caterpillar, Inc. in the Second Amended Complaint destroyed this Court's diversity jurisdiction, Plaintiffs' cross-motion for remand (ECF No. 22) is **GRANTED**.

The Clerk is **DIRECTED** to **REMAND** this case to the 285th Judicial District Court of Bexar County, Texas pursuant to 28 U.S.C. § 1447(d) and to **CLOSE** this case.

It is so **ORDERED**.

**SIGNED** this 11th day of March, 2024.

> XAVIER RODRIGUEZ
> UNITED STATES DISTRICT JUDGE